ADKINS, Justice,
concurring in part and dissenting in part.
I would approve the amendment in the form submitted by The Florida Bar.
STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED REAL ESTATE LAWYER
Lawyers who are members in good standing of The Florida Bar and who meet the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a Board Certified Real Estate Lawyer. The purpose of the standards is to identify those lawyers who practice in the area of real estate and have the special knowledge, skills, and proficiency to be properly identified to the public as certified real estate lawyers.
Section 1. DEFINITIONS.
(a) “Real Estate” is the practice of law dealing with matters relating to real property transactions including, but not limited to, real estate conveyances, title searches, property transfers, leases, condominiums and cooperatives, interval ownership, mortgages, zoning and land use planning, real estate development and financing, real estate litigation, and determination of property rights.
(b) The “practice of law” for this area is defined as set out at Section 5(c)(1) of Article XIX of the Integration Rule Bylaws governing the Florida Certification Plan. Practice of law which otherwise satisfies these requirements but which is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is spent as a teacher of real estate subjects in an accredited law school.
Section 2. MINIMUM STANDARDS.
(a) Minimum Period of Practice. Every applicant shall have been engaged in the practice of law in the United States, or engaged in the practice of United States law while in a foreign country, and shall have been a member in good standing of the Bar of any state of the United States or the District of Columbia for a period of five years as of the date of filing an application. The years of law practice need not be consecutive.
(b) Substantial Involvement. Every applicant must demonstrate substantial involvement sufficient to show special knowledge, skills, and proficiency in the practice of real estate law during the three years immediately preceding the date of application. Substantial involvement is defined as including devoting at least forty percent of one’s practice to matters in which issues of real estate law are significant factors and in which the applicant had substantial and *24 direct participation in those real estate issues. Upon an applicant’s request and the recommendation of the Real Estate Certification Committee, the Board may waive the requirement that the three years be “immediately preceding” the date of application if the Board determines the waiver is warranted by special and compelling circumstances. An applicant must furnish information concerning the frequency of his work and the nature of the issues involved. For the purposes of this section the “practice of law” shall be as defined in Section 1(b) except that it shall also include time devoted to lecturing and/or authoring books or articles on fields of real estate law if the applicant was engaged in the practice of law during such period. Demonstration of compliance with this requirement shall be made initially through a form of questionnaire approved by the Real Estate Certification Committee, but written or oral supplementation may be required.
(c) References for Knowledge and Experience. Every applicant shall submit the names and addresses of five other attorneys or judges who are familiar with his practice, not including attorneys who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for involvement in the field of real estate law. The Board and the Real Estate Certification Committee may authorize references from persons other than attorneys in such cases as they deem appropriate. The Board and the Real Estate Certification Committee may also make such additional inquiries as they deem appropriate.
(d) Education. Every applicant must demonstrate that during the three-year period immediately preceding the date of filing an application, he has accumulated accredited continuing legal education in real property law of not less than 45 hours.
(e)Examination. The applicant must pass a written examination which will be practical, objective, and designed to demonstrate special knowledge, skills, and proficiency in real estate law.
Section 3. RECERTIFICATION. Tobe eligible for recertification, an applicant must meet the following requirements:
(a) A satisfactory showing, as determined by the Board and the Real Estate Certification Committee, of continuous and substantial involvement in real estate law throughout the period since the last date of certification. The demonstration of substantial involvement of at least forty percent during each year after certification prior to recertification shall be made in accordance with the standards set forth in Section 2(b).
(b) Completion of at least 75 hours of accredited continuing legal education in real estate law since the last date of certification.
(c) An applicant for recertification shall submit the names and addresses of five other attorneys or judges who are familiar with his practice, not including lawyers who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for ability of practice and involvement in the field of real estate law. The Board and the Real Estate Certification Committee may also make such additional inquiries as they deem appropriate.